UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RINGLING BROS. AND BARNUM & BAILEY CIRCUS, et al., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : Case No. 03-2006 (EGS/JMF) <br> : <br> : <br> : <br> : <br> : |

**DEFENDANT FELD ENTERTAINMENT, INC.'S MOTION TO COMPEL TESTIMONY OF PLAINTIFF TOM EUGENE RIDER AND FOR COSTS AND FEES**

Defendant Feld Entertainment, Inc.("FEI") hereby moves (1) to compel the testimony of Plaintiff Tom Eugene Rider ("Mr. Rider") as to questions that remain unanswered from his October 12, 2006 deposition due to his counsel's improper instructions not to answer; and (2) for costs and fees related to the same pursuant to Fed. R. Civ. P. 30(d)(4) and Fed. R. Civ. P. 37(a)(4). During Mr. Rider's October 12, 2006 deposition, his counsel (who is also counsel for co-Plaintiff American Society for the Prevention of Cruelty to Animals ("ASPCA")) gave him numerous instructions not to answer routine questions relating to his personal background. The instructions were not given "to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)," Fed. R. Civ. P. 30(d)(1), and were therefore baseless and improper.

The reasons supporting this motion are set forth more fully in the accompanying Statement of Points and Authorities in Support of Feld Entertainment, Inc.'s Motion to Compel

Testimony of Plaintiff Tom Eugene Rider and for Costs and Fees.

WHEREFORE, the Feld Defendants request that their motion be granted.

Dated this 30th day of October, 2006.

Respectfully submitted,

*/s/ Lisa Zeiler Joiner*

John M. Simpson (D.C. Bar #256412)
Joseph T. Small, Jr. (D.C. Bar #926519)
Lisa Zeiler Joiner (D.C. Bar #465210)
Michelle C. Pardo (D.C. Bar #456004)
George A. Gasper (D.C. Bar #488988)

FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-0200
Facsimile: (202) 662-4643

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, <u>et al.</u>, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No. 03-2006 (EGS/JMF) |
| RINGLING BROS. AND BARNUM & BAILEY CIRCUS, <u>et al.</u>, | : : : : | |
| Defendants. | : : | |

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FELD ENTERTAINMENT, INC.'S MOTION TO COMPEL TESTIMONY OF PLAINTIFF TOM EUGENE RIDER AND FOR COSTS AND FEES

Defendant Feld Entertainment, Inc.("FEI")[1] has moved (1) to compel the testimony of Plaintiff Tom Eugene Rider ("Mr. Rider") as to questions that remain unanswered from his October 12, 2006 deposition due to his counsel's improper instructions not to answer; and (2) for costs and fees related to the same pursuant to Fed. R. Civ. P. 30(d)(4) and Fed. R. Civ. P. 37(a)(4). During Mr. Rider's October 12, 2006 deposition, his counsel (who is also counsel for co-Plaintiffs, including the American Society for the Prevention of Cruelty to Animals ("ASPCA")) gave him numerous instructions not to answer routine questions relating to his personal background. The instructions were not given "to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)," Fed. R. Civ. P. 30(d)(1), and were therefore baseless and improper.

---

[1]    Ringling Bros. and Barnum & Bailey Circus, although included in the caption of this case, is not a legal entity.

## FACTS

On October 12, 2006, Plaintiffs (including Mr. Rider himself) took the videotaped deposition of Mr. Rider. Upon the completion of Plaintiffs' direct examination, FEI commenced its cross-examination of Mr. Rider. During that cross-examination, Mr. Rider's counsel gave him repeated, improper instructions not to answer relatively routine background questions regarding matters of public record that are neither privileged nor confidential. The instructions not to answer were given in three specific areas of inquiry: (1) questions relating to Mr. Rider's service in the military and whether he was declared a deserter and confined as a result, *see* Deposition of Tom E. Rider ("Rider Dep."), relevant excerpts of which are attached hereto as Ex. A, at 157:3 – 160:16 and 162:21 – 163:12;[2] (2) questions relating to the extent to which Mr. Rider has either been arrested on felony charges or convicted of a misdemeanor, *id.* at 163:13 – 164:8;[3] and (3) questions relating to Mr. Rider's participation as a party in prior civil litigation

---

[2] The following excerpt from Mr. Rider's deposition provides a representative example of this line of questioning:

> Q: Now, nowhere in here, sir, did you disclose the fact that you were in the United States Army; is that correct?
>
> MS. MEYER: I am going to object to any questions about Mr. Rider's military career on the grounds that it is not relevant. It would require an unwarranted intrusion of his personal privacy. And I am going to instruct him not to answer any questions about his military career.
>
> BY MR. SIMPSON: All right. Are you going to follow that instruction?
>
> A. Yes, sir.

Rider Dep. at 157:3-15.

[3] The following excerpts from Mr. Rider's deposition provides a representative example of this line of questioning:

> Q: Have you ever been arrested for a felony?
>
> MS. MEYER: I am going to object to that question as well on the grounds of relevancy and state that Mr. Rider is – I am instructing you not to answer any questions with respect to arrests. But he will answer questions with respect to felony convictions.
>
> BY MR. SIMPSON:
>
> Q: Are you going to follow that instruction?
>
> A. Yes, sir.

and contrary statements regarding same in his interrogatory answers. *Id.* at 165:14 – 167:22.[4]

The day after Mr. Rider's deposition, FEI asked counsel for Plaintiffs to advise it of the date "when you plan to file the motion for protective order" pursuant to Fed. R. Civ. P. 30(d)(4). *See* Oct. 13, 2006 Letter from J. Simpson to K. Meyer, attached hereto as Ex. B.  Plaintiffs responded by first proposing that the parties "enter[] into a voluntary protective order with respect to Mr. Rider answering questions concerning both his military record and any misdemeanor convictions," Oct. 18, 2006 Letter from K. Meyer to J. Simpson, attached hereto as

---

Rider Dep. at 163:13-21.

> Q: Have you ever been convicted of a misdemeanor?
> MS. MEYER: I am going to object and instruct you not to answer that question.
> BY MR. SIMPSON:
> Q: Are you going to follow that instruction?
> A. Yes, sir.

*Id.* at 164:2-8.

[4] The following excerpt from Mr. Rider's deposition provides a representative example of this line of questioning:

> Q: Were you a party to a case in 1989 that you filed in Illinois concerning the custody of your children?
> MS. MEYER: I am going to object to that question on the grounds that it is irrelevant and would invade – constitute an unwarranted invasion of Mr. Rider's personal privacy and the privacy of his family. I instruct you not to answer.
> BY MR. SIMPSON:
> Q: The question is, were you a party, not what it was about. Were you a party to such a case?
> MS. MEYER: I am going to object and instruct you not to answer.

Rider Dep. at 165:14 – 166:4.

Ex. C, at 1.[5] Plaintiffs then stated that, contrary to the requirements of the Federal Rules, Plaintiffs would not file promptly but rather would "file a motion for a protective order within the next few weeks." *Id.* at 2. FEI replied to Plaintiffs' counsel that it would not consent to a protective order for Mr. Rider on such public matters and would not consent to delay resolution (or ignore it altogether) of the instructions not to answer given by plaintiffs' counsel. Oct. 20, 2006 Letter from J. Simpson to K. Meyer, attached hereto as Ex. D. As a result of Plaintiffs' failure to follow the requirements of the Federal Rules, and their improper obstruction of FEI's questions at Mr. Rider's deposition, FEI now must move the Court for appropriate relief.

## ARGUMENT

### I. Plaintiffs' Counsel's Instructions Were Improper Because They Were Not Necessary to Preserve a Privilege or Enforce a Court-Ordered Limitation, and Counsel Has Made No Motion for a Protective Order.

The Federal Rules authorize "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). When discovery proceeds by deposition "[a]ll objections made at the time of the examination ... shall be noted ... upon the record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections." Fed. R. Civ. P. 30(c). The circumstances under which counsel

---

[5] In response to FEI's letter requesting that counsel for Mr. Rider and the ASPCA inform FEI "when [she] plan[s] to file the motion for protective order," Oct. 13, 2006 Letter from J. Simpson to K. Meyer, Plaintiffs' counsel suggested that the parties "enter into a voluntary protective order with respect to Mr. Rider answering questions concerning both his military record and any misdemeanor convictions" because the information "is extremely personal." Ex. C at 1. Given that Plaintiffs have twice opposed FEI's attempts to obtain a global protective order in this case to deal with such issues, *see* Plaintiffs' Memorandum in Opposition to Defendants' Motion for a Protective Order (filed Oct. 22, 2003) and Plaintiffs' Opposition to Defendants' Motion for a Protective Order (filed Mar. 4, 2005)—an opposition with which the Court agreed—this reversal of course now that Plaintiffs' discovery information (and not FEI's) is at stake is nothing more than an opportunistic attempt to manipulate the rules for a one-sided advantage to Plaintiffs. Having refused to cooperate with the matter of a global protective order that would have streamlined discovery in this case, they must now live with the consequences. *See also* Reply in Support of Motion to Compel Documents Subpoenaed from the Wildlife Advocacy Project at 1 ("Apparently, both WAP and plaintiffs welcome public education and scrutiny in this case just so long as it remains one-sided and restricted to Feld Entertainment, Inc.").

31209855.1                                4

may instruct a deponent not to answer a question are specific and limited. "A person may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed. R. Civ. P. 30(d)(1) (emphasis added).

It is evident that none of counsel's instructions at issue here implicates any privilege or any limitation on discovery established previously by the Court. Thus, the instructions not to answer could have been appropriate only if counsel were to move pursuant to Fed. R. Civ. P. 30(d)(4). Rule 30(d)(4) provides that:

> At any time during a deposition, *on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party*, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). If the order made terminates the examination, it may be resumed thereafter only upon the order of the court in which the action is pending. *Upon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion*.

Fed. R. Civ. P. 30(d)(4) (emphasis added).

Counsel's actions here fail to meet the requirements of the Rules in multiple respects. First, and most fundamentally, counsel has failed to file a motion for a protective order as Rule 30(d)(4) requires; indeed, counsel advised FEI that it would be a "few weeks" before any such motion would be filed, if at all. *See* Ex. B at 2. Counsel's arrogation of power to halt a line of questioning is clearly improper. "It is not the prerogative of counsel, but of the court, to rule on objections .... [I]f the plaintiff's attorney believed that the examination was being conducted in bad faith ... or that the deponents were being needlessly annoyed, embarrassed, or oppressed, he

31209855.1                                    5

should have halted the examination and applied *immediately* to the [] judge for a ruling on the questions, or for a protective order, pursuant to Rule 30(d)." *In re Omeprazole Patent Litigation*, 227 F.R.D. 227, 230 (S.D.N.Y. 2005) (emphasis added).[6] Absent privilege, Rule 30(d) is strictly applied. *Pilates, Inc. v. Georgetown Bodyworks Deep Muscle Massage Centers, Inc.*, 201 F.R.D. 261, 262 (D.D.C. 2000); *see also Pro-Football, Inc. v. Harjo*, 2003 WL 744629, *1n.1 (D.D.C. March 4, 2003) (noting practice is highly disfavored); *Drew v. Int'l Brotherhood of Sulphite*, 37 F.R.D. 446, 449 (D.D.C. 1965) (better practice is to object and permit client to answer thereby conserving the resources of parties, witnesses and court).

In addition, counsel has made no showing—or even a contention—that "the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress" Mr. Rider. The burden is on the objecting party to make such a showing, and "[u]nless a sufficient showing of these grounds are made, [any] motion will be denied." *Hearst/ABC-Viacom Entertainment Servs. v. Goodway Marketing, Inc.*, 145 F.R.D. 59, 62 (E.D. Pa. 1992) (holding that defense counsel's instructing clients not to answer questions based on irrelevancy was inappropriate and awarding sanctions) (*citing* 8 C. Wright & A. Miller, Federal Practice and Procedure § 2116, at 428 (1970)). Here, there has not been, nor could there be, such a showing.

Even if counsel *had* presented such a motion, it would surely fail, because the only bases presented for counsel's instructions not to answer were lack of relevance and "invasion of privacy." Rider Dep. 157, 165. Relevance objections are unquestionably *not* a basis for an instruction not to answer. *Luc Vets Diamant v. Akush*, 2006 WL 258293 at *1 (S.D.N.Y. Feb. 3,

---

[6] As one court observed, "Many lawyers appear to be unaware of, or determined to disregard, the specific dictates of Rule 30(d)(1), perhaps in the hope that they will be able to later convince the Court that the area of inquiry was irrelevant under Rule 26. This is not an attitude to be encouraged." *Jackson v. City of New York*, 2005 WL 1705172 at *2 (S.D.N.Y. July 20, 2005).

2006) (granting motion to compel testimony on the ground that "[l]ack of relevancy is not a proper ground for instructing a witness not to answer deposition questions"). Indeed, "[i]t is arguable whether objections based on relevancy should even be made during the deposition." *Quantrachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999) (holding that it is improper to instruct witness in deposition not to answer questions based on relevancy objections). "If counsel feels compelled to make a relevancy objection, the objection may be made for the record, but the deposition should continue with the testimony being taken subject to the objection." *Geico Casualty Co. v. Beauford*, 2006 WL 2789013 at *3 (M.D. Fla. Sept. 26, 2006) (overruling objections and refusal to answer questions based on relevancy).

Moreover, "it has long been the view that an instruction to a witness not to answer on the ground that the question seeks irrelevant information is *per se* improper and grounds for sanctions." *Elkins v. Broome*, 2004 WL 3249257 at *2 (M.D.N.C. Jan. 12, 2004), *aff'd*, 122 Fed. Appx. 40 (4th Cir. 2005) (granting motion to compel answers to deposition questions despite instructions not to answer based on relevance and ordering sanctions pursuant to Rule 37(a)(4)) (*citing* Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2113 n. 24 (Supp. 2003)).

## II. Even if a Proper Motion Had Been Filed, Plaintiffs' Instructions Would Still be Meritless, Because the Information Sought is Public and Discoverable.

Even if Plaintiffs had filed a motion for a protective order on the grounds that the material sought was not relevant or private and personal, and the Court were to entertain such a motion, it would still fail. The questions posed to Mr. Rider about his military service and his participation as a party in prior civil litigation are standard deposition lines of questioning. Moreover, they were made relevant to this case when Mr. Rider submitted *false* interrogatory

answers – under oath – about these very subjects. Mr. Rider was asked to describe "each and every job or volunteer position you have held since you completed high school." *See* Objections and Responses to Defendants' First Set of Interrogatories to Plaintiff Tom Rider at 4 (No. 2) (June 3, 2004), attached hereto as Ex. E. Although he objected to this question on grounds, *inter alia,* of relevance, *id.* at 5, he nonetheless proceeded to answer the question and answered it falsely. He did not disclose the fact that he had served in the U.S. Army between 1967 and 1971. *Id.* Instead he made it look like he graduated from high school in 1970 and then took what he strongly implies was his first job at Caterpillar Tractor. *Id.* However, a document received from the federal government entitled "Information Releasable Under the Freedom of Information Act," Ex. F hereto, indicates that Mr. Rider only had two years of high school and was declared a deserter from the Armed Forces of the United States at least twice, including 1970, the year in which he stated under oath in his interrogatory answer that he had graduated from high school.

Similarly, in response to Interrogatory No. 7, which called for an identification of "any civil litigation to which you have been a party or have testified," Ex. E at 13 (No. 7), Mr. Rider made no objections at all, *id.* at 13-14, and hence, he waived them. *See* Order (9/26/05) (failure to object constitutes waiver of right to object). That is the law of this case, and Plaintiffs would do well to start abiding by the same standards that they demand of FEI. Instead, Mr. Rider answered flatly: "Other than the first case that was filed, Civ. No. 00-1641, and this present litigation challenging Ringling's treatment of elephants under the Endangered Species Act, *I have not been a party to or testified in any other civil litigation.*" *Id.* (emphasis added). This answer likewise was false. As public court records show, Mr. Rider had been a party to at least two child custody cases in state court in Florida and Illinois. *See* Ex. G hereto. Indeed, when asked this same question in his deposition, Mr. Rider volunteered yet another civil case that also

had been omitted from the interrogatory answer. Ex. A hereto at 165:4-11. However, his lawyer refused to let him answer any questions about the Florida and Illinois cases. *Id.* at 165:14 - 166:4. This line of objections is particularly obstructionist given that Mr. Rider has already waived his right to object to this subject matter in written discovery and proceeded instead to answer the interrogatory falsely.

These lines of inquiry are clearly relevant because they bear directly on Mr. Rider's credibility and the impeachment of same. Plaintiffs have relied heavily in this case on what Mr. Rider claims he witnessed when he was employed by FEI in 1997-99 on the Blue Unit of the circus. Indeed, plaintiffs have submitted these same interrogatory answers by Mr. Rider as purported relevant evidence in their opposition to defendant's motion for summary judgment. *See* Exhibit P to Plaintiffs' Opposition to Defendants' [sic] Motion for Summary Judgment (Oct. 6, 2006). Thus, Mr. Rider's credibility is a critical issue in this case (regardless of whether Plaintiffs will even survive for a trial). However, in these same interrogatory answers, Mr. Rider submitted false responses about his military service and involvement in prior litigation. Since Mr. Rider falsified these answers, there is substantial reason to believe that he falsified other answers, including the answers about what he claims he witnessed in the circus. If he cannot tell the truth about routine matters in his background, there is no reason to believe he is telling the truth about the matters at issue in this case. FEI is entitled to impeach this witness accordingly so that the factfinder can decide such matters of credibility.

These matters are highly relevant – not simply because of the conduct involved – but also because they bear directly on the credibility of the only plaintiff in this case who the D.C. Circuit determined has any standing to sue, *ASPCA v. Ringling Bros.*, 317 F.3d 334, 337 (D.C. Cir. 2003), and who has been touted as the chief witness for the plaintiffs, Ex. E at 14. While the

interrogatories that Mr. Rider answered falsely concern matters that occurred in the past, his interrogatory answers were signed and submitted in 2004. *Id.* at 43. Thus, while the events themselves may be somewhat remote, the false answers about them are current and bear directly on Mr. Rider's current capacity for telling the truth.

Likewise, the questions regarding Mr. Rider's arrest record are relevant to his credibility and the answers could constitute impeachment material. Presumably, Plaintiffs' counsel gave the instructions not to answer questions regarding felony arrests and misdemeanor convictions on the basis that only felony convictions are *per se* admissible at trial. *See* Fed. R. Evid. 609. However, this does not mean that other convictions or arrests would not be admissible, and in any event, admissibility at trial is not the standard for discovery. "[R]elevancy at discovery is a far different matter from relevancy at trial. At discovery, relevancy is more properly considered synonymous with 'germane,' as opposed to competency or admissibility." *Elkins*, 2004 WL 3249257 at *2 (*citing* 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure, § 2008 (2d. ed. 1994)).

Finally, Plaintiffs have absolutely no basis for objecting to questions that concern Mr. Rider's life history. When Plaintiffs deposed Troy Metzler and Robert Ridley, two elephant handlers employed by FEI, they asked such detailed questions of both witnesses, going all the way back to high school. And both witnesses answered those questions. *See* Deposition of Troy J. Metzler ("Metzler Dep."), relevant excerpts of which are attached hereto as Ex. H, at 8:13 – 13:22; and Deposition of Robert Ridley ("Ridley Dep."), relevant excerpts of which are attached hereto as Ex. I, at 7:24 – 11:19. Neither Metzler nor Ridley is a party to this case; Mr. Rider is. Therefore, Plaintiffs are in no position to complain about the scope of questioning that they themselves have pursued and taken successfully against other witnesses in this very case.

### III. FEI is Entitled to Sanctions Pursuant to Rule 37(a)(4).

When a party brings a motion challenging an instruction to a witness not to answer a question, the Court first resolves the merits of the objection, and then pursuant to Rule 30(d)(4) "[i]t must award sanctions if the objection was not substantially justified." *Miller v. Waseca Medical Center*, 205 F.R.D. 537, 539 (D. Minn. 2002). Rule 30(d)(4) provides that "[t]he provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion," which is brought following an instruction not to answer. As a practical matter, this means that "a party may instruct a witness not to answer a question at a deposition under limited circumstances, but as a substantive matter, the party does so at its own peril if it is wrong on the merits of its objection." *Miller*, 205 F.R.D. at 539, *citing Riddell Sports, Inc. v. Brooks*, 158 F.R.D. 555 (S.D.N.Y. 1994).

Rule 37(a)(4)(A) states, in pertinent part, that

> [i]f the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, ***require*** the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action.

Courts routinely award sanctions where improper instructions not to answer are given. *See, e.g., State Farm Mutual Ins. Co. v. Dowdy*, 445 F. Supp. 2d 1289 (N. D. Okl. 2006); *Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc.*, 233 F.R.D. 648 (C.D. Cal. 2006); *Cobell v. Norton*, 213 F.R.D. 16 (D.D.C. 2003); *Elkins*, 2004 WL 3249257; *Hearst/ABC Viacom Entertainment*, 145 F.R.D. 59. This case should be no different. As demonstrated *supra*, there is

no basis for the numerous instructions not to answer given by counsel for Mr. Rider and Plaintiffs. Under such circumstances, Rule 37(a)(4) mandates the award to FEI of reasonable expenses and fees incurred in making the instant motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Feld Entertainment, Inc. respectfully requests that its Motion to Compel Testimony of Plaintiff Tom Eugene Rider and for Costs and Fees be GRANTED.

Dated this 30th day of October, 2006.

                                        Respectfully submitted,

                                        */s/ Lisa Zeiler Joiner*
                                        John M. Simpson (D.C. Bar #256412)
                                        Joseph T. Small, Jr. (D.C. Bar #926519)
                                        Lisa Zeiler Joiner (D.C. Bar #465210)
                                        Michelle C. Pardo (D.C. Bar #456004)
                                        George A. Gasper (D.C. Bar #488988)

                                        FULBRIGHT & JAWORSKI L.L.P.
                                        801 Pennsylvania Avenue, N.W.
                                        Washington, D.C. 20004
                                        Telephone: (202) 662-0200
                                        Facsimile: (202) 662-4643

                                        Counsel for Defendant Feld Entertainment, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, et al., | : : : : |
| Plaintiffs, | : : |
| v. | :   Case No. 03-2006 (EGS/JMF) |
| RINGLING BROS. AND BARNUM & BAILEY CIRCUS, et al., | : : : : |
| Defendants. | : : |

### [PROPOSED] ORDER

Upon consideration of Defendant Feld Entertainment, Inc.'s Feld Entertainment, Inc.'s Motion to Compel Testimony of Plaintiff Tom Eugene Rider and for Costs and Fees ("Motion"), it is by the Court, this _____ day of _____, 2006, hereby:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that Plaintiff Tom Eugene Rider ("Rider") shall reappear for the completion of the deposition noticed by Plaintiffs within ten (10) days of this Order; and it is further

ORDERED that Rider shall answer all questions that were posed to him by counsel for Feld Entertainment, Inc. at his October 12, 2006 deposition and to which an objection and instruction was interposed by counsel for Plaintiff American Society for the Prevention of Cruelty to Animals, as well as any related follow-up questions; and it is further

ORDERED that Plaintiffs shall pay the costs and fees to Feld Entertainment, Inc. for the preparation of this Motion; and it is further

ORDERED that Feld Entertainment, Inc. shall submit a statement of its fees and expenses within thirty (30) days of the date of this Order.

Date:_____

_____
UNITED STATES DISTRICT JUDGE