## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. Action No. 03-2006 (EGS) |
| RINGLING BROTHERS AND BARNUM & BAILEY CIRCUS, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

### MEMORANDUM OPINION

Pending before the Court is plaintiffs' Motion Requesting Attorneys' Fees and Costs Related to Plaintiffs' Motion to Compel Medical Records of Elephants [Dkt. No. 64].  Plaintiffs request a total of $26,000.  Upon consideration of plaintiffs' motion, the response and reply thereto, applicable law, and the entire record, the Court concludes that plaintiffs are entitled to attorneys' fees and costs related to their motion to compel elephant veterinary records.  However, plaintiffs are not entitled to fees and costs for opposing defendants' motion for a protective order or for replying to defendants' response to this Court's order to show cause.  Accordingly, plaintiffs' motion for attorneys' fees and costs is granted in part and denied in part. The Court also finds that it has insufficient information to determine the exact amount of fees and costs to which plaintiffs

are entitled.  Plaintiffs are directed to submit a more detailed
report of fees and costs consistent with this Memorandum Opinion.

### I.   Procedural Background

Plaintiffs' claims for attorneys' fees and costs arise from
a March 2004 request for all veterinary records for each elephant
owned or leased by Ringling Brothers since 1994.  Plaintiffs
contend that they initially only received scant veterinary
records in response to their discovery request.  They further
assert that defendants did not claim privilege for any veterinary
records or in any way disclose that defendants were withholding
any responsive records.  Upon reviewing the initial records
produced, plaintiffs informed defendants that the defendants
could not possibly have produced all the veterinary records
responsive to plaintiffs' document request.  Plaintiffs contend
that defendants only admitted the existence of additional
veterinary records after plaintiffs informed the defendants that
they intended to file a motion to compel.

On January 25, 2005, plaintiffs filed a motion to compel
discovery.  The motion covers a number of discovery requests,
including plaintiffs' request for the veterinary records.  On
February 15, 2005, defendants responded with an opposition to the
motion to compel and a motion for a protective order for the
veterinary records.  Plaintiffs filed a reply in support of their

motion to compel and filed an opposition to defendants' motion for a protective order.

On September 16, 2005, the Court held a hearing to address outstanding discovery motions.  At that hearing, the Court ordered the defendants to produce all veterinary records for the elephants.  *See* Tr. of Sept. 16, 2005 Hr'g at 35 ("I'm going to order that all of these documents be produced."); *id*. at 36 ("And when I say all, I mean all, every last record.").  On September 19, 2005, the Court further ordered the defendants to show cause why they should not be "held in contempt for failure to turn over the approximately 2,000 pages of veterinary records or assert a privilege as to why they should not be turned over, in response to plaintiffs' initial discovery request."  Sept. 19, 2005 Minute Order.  In its Order, the Court also gave plaintiffs the opportunity to respond to defendants' show cause submission and ordered the parties to submit either joint or separate proposed protective orders for the veterinary records.

On September 26, 2005, the Court issued an order granting plaintiffs' motion to compel veterinary records.[1]  The Court ordered defendants to turn over all such records by September 28, 2005.  The Court found that, "[a]lthough properly requested by

---

[1] All remaining issues in the motion to compel were referred to Magistrate Judge John Facciola for his consideration and resolution.  *See* Sept. 26, 2005 Order.  The remaining issues in the motion to compel were granted in part and denied in part. *See* Feb. 23, 2006 Memorandum Opinion.

3

the plaintiffs, defendants failed to turn over all the veterinary records, failed to properly object to the production of the records, and failed to adequately assert any privilege that would justify non-production of the records." Sept. 26, 2005 Order. The Court also noted that defendants have "waived their right to object to the discovery of the veterinary records." *Id*. The Court, however, granted in part and denied in part defendants' motion for a protective order for the veterinary records and adopted the limited protective order proposed by the plaintiffs.

On February 23, 2006, the Court directed plaintiffs to file a motion for attorneys' fees and costs related to their motion to compel discovery. Plaintiffs filed a motion requesting fees and costs related to (1) the motion to compel, (2) the opposition to defendants' motion for a protective order, and (3) the reply to defendants' response to the Court's order to show cause.

## II. Legal Standard

Rule 37 of the Federal Rules of Civil Procedure governs plaintiffs' motion for attorneys' fees. Under Rule 37, "the district court has broad discretion to impose sanctions for discovery violations." *Bonds v. Dist. of Columbia*, 93 F.3d 801, 807 (D.C. Cir. 1996).

Rule 37(a) states that a discovering party who does not obtain responses to its discovery requests may file a motion to compel. *See* Fed. R. Civ. P. 37(a)(2)(B). If the motion is

4

granted or if the requested discovery is provided after the
motion was filed, the Court shall, "after affording an
opportunity to be heard, require the party . . . whose conduct
necessitated such motion or the party or attorney advising such
conduct or both of them to pay the moving party the reasonable
expenses incurred in making the motion, including attorney's
fees." Fed. R. Civ. P. 37(a)(4)(A). The Court is not required
to order payment of attorneys' fees if the Court "finds that the
motion was filed without the movant's first making a good faith
effort to obtain the disclosure or discovery without court
action, or that the opposing party's nondisclosure, response, or
objection was substantially justified, or that other
circumstances make an award of expenses unjust." *Id*. Moreover,
when a motion to compel discovery is granted in part and denied
in part, the Court may "after affording an opportunity to be
heard, apportion the reasonable expenses incurred in relation to
the motion among the parties and persons in a just manner." Fed.
R. Civ. P. 37(a)(4)(C).

### III. Plaintiffs are Only Entitled to Attorneys' Fees and Costs Related to the Motion to Compel Veterinary Records

The Court's February 23, 2006 Order states that "plaintiffs
shall file any motion requesting attorney's fees and costs
related to their Motion to Compel Discovery of Veterinary Records
(Doc. No. 27)." Feb. 23, 2006 Order. Plaintiffs' motion

attempts to recover fees and costs for more than just their work on the portion of the motion to compel seeking production of veterinary records.  Plaintiffs also seek fees and costs for their opposition to defendants' motion for a protective order and for their reply to defendants' response to the Court's order to show cause why the records had not been produced.

Plaintiffs argue that they should be awarded attorneys' fees for these additional filings because the filings are "related to" the motion to compel.  Plaintiffs contend that the opposition to defendants' motion for a protective order was "inextricably related" to the motion to compel.  *See* Meyer Decl. ¶ 5. Plaintiffs note that the defendants filed their motion for a protective order on the same day that they filed their opposition to plaintiffs' motion to compel and that defendants relied on the same declaration for both filings.  Plaintiffs also contend that the reply to defendants' response to the Court's order to show cause is "related to" the motion to compel because the reply explains in detail why the Court should not excuse defendants' failure to produce the documents.

The Court recognizes that there is some relationship between all three of plaintiffs' filings in that they all relate to defendants' failure to produce veterinary records.  The Court cannot justify, however, granting attorneys' fees and costs for anything other than work directly related to the motion to compel

and any reply or oral argument in support thereof.  As to the
opposition to the motion for a protective order, it is not so
related that plaintiffs could not separate the costs for the
opposition from the costs for their motion to compel.  *See* Meyer
Decl. ¶¶ 4-5.  Plaintiffs' reply in support of their motion to
compel was in a separate document from their opposition to the
protective order.  Moreover, defendants motion for a protective
order was granted in part.  As to the reply to defendants'
response to the order to show cause, it was filed over a week
after the Court had already granted plaintiffs' motion to compel.

Although the Court does not condone defendants' delay for
over a year and a half in producing thousands of pages of
relevant veterinary records, the Court is not willing to adopt
plaintiffs' broad interpretation of what filings are "related to"
the motion to compel.  Thus, plaintiffs' recovery of fees and
costs related to the motion to compel is limited to expenses for
the motion to compel, memorandum in support thereof, reply in
support of the motion to compel, and any oral argument on the
motion to compel.  Because the motion to compel covered several
issues in addition to veterinary records, plaintiffs may only
recover fees and costs for the portions of the motion and any
argument in support thereof related to veterinary records.

### IV.   The Court Needs More Information to Determine the Reasonableness of the Fees and Costs

An application for attorneys' fees and costs "must be sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Nat'l Ass'n of Concerned Vets. v. Sec'y of Defense*, 675 F.2d 1319, 1327 (D.C. Cir. 1982).  "[O]nce the reasonableness of the hours claimed becomes an issue, the applicant should voluntarily make his time charges available for inspection by the District Court or opposing counsel on request."  *Id.*

The declaration submitted by Katherine Meyer in support of plaintiffs' motion for attorneys' fees does not provide sufficient detail for the Court to determine the reasonableness of the fees and costs claimed.  The one paragraph summary in Meyer's declaration, which lumps all work on the motion to compel together, is not the kind of detail contemplated by the Circuit Court in *Nat'l Ass'n of Concerned Vets*.  *See* Meyer Decl. ¶ 4.  In addition, plaintiffs indicate that they "incurred approximately $1,412.53 in out-of-pocket costs in connection with this matter, including Westlaw charges, couriers, copying and phone bills." *Id.* ¶ 8.  The plaintiffs do not indicate which charges were incurred in connection with which filings, nor do they provide any indication of how much was spent on each type of charge. This also does not provide sufficient detail for the Court to determine the reasonableness of the claimed costs.

Although the Court is convinced that the plaintiffs are entitled to their fees and costs for their motion to compel veterinary records, the Court needs further information to determine the exact amount of fees and costs to award. Accordingly, the Court directs plaintiffs to submit their actual billing records and a more detailed breakdown of costs to the Court for review.  Because this litigation is still ongoing, plaintiffs may submit these records to the Court *in camera*, if necessary.

## V.    Conclusion

For the foregoing reasons, plaintiffs' Motion Requesting Attorneys' Fees and Costs Related to Plaintiffs' Motion to Compel Medical Records of Elephants is granted in part and denied in part.  An appropriate order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan**
**         United States District Judge**
**         February 26, 2007**