UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                              )
AMERICAN SOCIETY FOR THE      )
PREVENTION OF CRUELTY         )
TO ANIMALS, *et al.*,         )
                              )
        Plaintiffs,           )
                              )
    v.                        )    Civ. Action No. 03-2006 (EGS)
                              )
RINGLING BROTHERS AND BARNUM  )
& BAILEY CIRCUS, *et al.*,    )
                              )
        Defendants.           )
_____)


                        **MEMORANDUM OPINION**

   Pending before the Court is plaintiffs' Motion for Reconsideration or Alternatively Partial Reconsideration, defendant's Motion for Reconsideration, or, in the Alternative, for Certification Pursuant to 28 U.S.C. § 1292(b), and plaintiffs' Motion for Leave to File Supplemental Complaint Adding Three Former Ringling Brothers Employees as Additional Plaintiffs.  For the reasons stated below, plaintiffs' Motion for Reconsideration is **denied**, defendant's Motion for Reconsideration is **granted in part and denied in part**, and plaintiffs' Motion for Leave to File Supplemental Complaint is **denied.**

I.   **MOTIONS FOR RECONSIDERATION**

   On August 23, 2007, the Court issued a Memorandum Opinion and Order granting in part and denying in part defendant's Motion

for Summary Judgment.  Specifically, the Court granted summary judgment to defendant as to elephants subject to a captive-bred wildlife ("CBW") permit and denied summary judgment as to elephants for which defendant claimed a "pre-Act" exemption. Defendant has filed a motion for reconsideration challenging the Court's decision regarding the "pre-Act" elephants and plaintiff has filed a motion for reconsideration challenging the Court's decision regarding the CBW permit elephants.

A district court may revise its own interlocutory rulings "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Fed. R. Civ. P. 54(b).  The standard of review for interlocutory orders differs from the standard of review for final judgments under Federal Rules of Civil Procedure 59(e) and 60.  *See, e.g., Campbell v. United States DOJ*, 231 F. Supp. 2d 1, 7 (D.D.C. 2002) (citing cases).  The primary reasons for amending a judgment pursuant to Rule 59(e) are "an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  The Court may reconsider any interlocutory judgment "as justice requires."  *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000).

**A.   Plaintiffs' Motion for Reconsideration**

Plaintiffs ask the Court to amend its prior ruling granting summary judgment as to the CBW permit elephants because the Court made a "clear error."  First, plaintiffs argue that a principal decision on which the Court relies, *Atlantic Green Sea Turtle v. County Council of Volusia County*, No. 6:04-cv-1576-Orl-31KRS, 2005 U.S. Dist. LEXIS 38841, 2005 WL 1227305 (M.D. Fla. May 3, 2005), was vacated by the Eleventh Circuit.  Plaintiffs made this same argument in their opposition to defendant's motion for summary judgment and the Court rejected that argument.  The Court agrees with defendant that the Middle District of Florida's May 3, 2005 opinion does not appear to have been vacated on the merits even if the action was later dismissed as moot.  Even assuming the *Atlantic Green Sea Turtle* opinion has been vacated, this Court has undertaken its own independent analysis of the statutory language at issue in granting defendant's Motion for Summary Judgment with respect to the CBW permit elephants.

Plaintiffs also contend that the Court erred by not expressly addressing plaintiffs' separate claim that defendant is violating Section 9 of the Endangered Species Act ("ESA"). Motions for reconsideration "are not simply an opportunity to reargue facts and theories upon which a court has already ruled." *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (internal quotations omitted).  The Court finds that this argument by

plaintiffs is "little more than a rehash of the arguments" previously argued and rejected by the Court. *Id.* Accepting plaintiffs' argument would be the equivalent of placing permit enforcement or permit revocation within the hands of private citizens and the statute does not go that far. The Court leaves enforcement of permits to the Secretary of the Interior as the grantor of such permits. Accordingly, the Court **denies** plaintiffs' Motion for Reconsideration.

    **B.**    **Defendant's Motion for Reconsideration**

Defendant asks the Court to reconsider the portion of its Memorandum Opinion that denied summary judgment as to the so-called "pre-Act" elephants because defendant claims that the Court overlooked two arguments relied on by defendant in its motion. First, defendant argues that the Court committed legal error by improperly interpreting *Bennett v. Spear*, 520 U.S. 154 (1997). Second, defendant indicates that the Court did not address its standing argument with respect to Tom Rider. Finally, in the event the Court denies its motion, defendant alternatively asks the Court to certify this issue for interlocutory appeal.

    **1.**    ***Bennett v. Spear***

The Court rejects defendant's argument regarding *Bennett*. Defendant is simply trying to rehash the same point that it argued in its Motion for Summary Judgment. Defendant's argument does not undermine the Court's confidence in its prior ruling.

Accordingly, defendant's Motion for Reconsideration is **denied** as to its argument regarding *Bennett*.

### 2. Standing

As for defendant's standing argument, defendant is correct that the Court did not address this issue in its August 23, 2007 Memorandum Opinion. Therefore, the Court addresses the standing issue now.

In every case, "the jurisdictional requirements of Article III must be present before the Court can proceed to the merits." *Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007). To satisfy Article III's standing requirements, a plaintiff must demonstrate that (1) "he has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "the injury is fairly traceable to the challenged action of the defendant"; and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000).

Defendant argues that plaintiff Tom Rider only has standing to challenge the alleged "mistreatment of the elephants to which he became emotionally attached." *See ASPCA v. Ringling Bros.*, 317 F.3d 334, 338 (D.C. Cir. 2003) ("*ASPCA*"). Defendant further argues that, based on the Complaint and Rider's deposition testimony, Rider is only emotionally attached to the elephants

with which he worked when employed by defendant.  *See* Compl. ¶ 18 (noting that Rider grew personally attached to the elephants during his work with them); Deposition of Tom Rider at 10-11, Ex. DX 26 to Def.'s Summ. J. Reply) (naming specific elephants). Defendant points to evidence in the record supporting its contention that only six elephants – Susan, Lutzi, Jewell, Karen, Mysore, and Nicole – are in the pre-Act category and still in the possession or control of defendant.  As such, defendant argues that plaintiff Tom Rider only has standing with respect to those six elephants.

The Court agrees with defendant's interpretation of the D.C. Circuit's opinion in *ASPCA*, 317 F.3d 334.  The Circuit distinguished this case from *Humane Society v. Babbitt*, 46 F.3d 93 (D.C. Cir. 1995) ("*Babbitt*"), based on the fact that Rider alleged a "strong personal attachment to the elephants." *ASPCA*, 317 F.3d at 335.  The Circuit held that "emotional attachment to a particular animal" can "form the predicate of a claim of injury." *Id*. at 337. (citing *Babbitt*, 46 F.3d at 98).  In describing Rider's injury, the Circuit indicated that Rider "allegedly suffers from the mistreatment of the elephants to which he became emotionally attached during his tenure at Ringling Bros." *Id.* at 338.  In other words, Rider's standing in this case is based on his emotional attachment to particular elephants - six of which are still at issue in this case.

Accordingly, defendant's Motion for Reconsideration concerning the standing of Tom Rider is **granted** and plaintiffs' claims are limited to the six "pre-Act" elephants identified above.

> **3. Motion for Certification under 28 U.S.C. § 1292(b).**

In its August 23, 2007 Memorandum Opinion, the Court rejected defendant's claim that the "pre-Act exemption" rendered the take prohibition inapplicable to defendant's elephants held in captivity before June 14, 1976.  Rather, the Court found that defendant's elephants were indeed subject to the taking prohibition and that the plain language of the statute applied the "pre-Act exemption" only to otherwise prohibited imports and exports of endangered species and to violations of FWS regulations pertaining to threatened and endangered species. *See* 16 U.S.C. § 1538(a)(1)(A), (a)(1)(G).  The Court has denied defendant's Motion for Reconsideration of this point, and as such, defendant asks the Court to certify this issue for interlocutory appeal.

A district court may certify an interlocutory order for immediate appellate review when it involves "a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "A party seeking

certification pursuant to § 1292(b) must meet a high standard to overcome the strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F.Supp.2d 16, 20 (D.D.C. 2002)(quoting *U.S. v. Nixon*, 418 U.S. 683, 690 (1974)). "Although courts have discretion to certify an issue for interlocutory appeal, interlocutory appeals are rarely allowed... the movant 'bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.' " *Id.*(quoting *Virtual Def. and Dev. Int'l, Inc. v. Republic of Mold.*, 133 F.Supp.2d 9, 22 (D.D.C.2001)).

The Court finds that defendant has failed to meet this standard. Defendant has offered nothing in its request for certification beyond continued disagreement with this Court's August 23, 2007 partial denial of summary judgment. However, "mere disagreement, even if vehement, with a court's ruling does not establish a substantial ground for difference of opinion sufficient to satisfy the statutory requirements for an interlocutory appeal." *Judicial Watch*, 233 F.Supp.2d at 20 (internal citations omitted). Defendant has simply reiterated its position that the "pre-Act exemption" applies to the take prohibition, contrary to the plain language of the statute

itself.  Defendant asks the Court to ignore the 1982 amendment to the ESA and to interpret an agency regulation to create a statutory ambiguity where none exists.  Basic tenets of statutory construction and ample precedent belie this contention.  Therefore, defendant's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) is **denied**.

## II. MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Plaintiffs have moved for leave to file a Second Supplemental Complaint to add three additional former Ringling Brothers' employees as plaintiffs in this case.  These individuals – Archele Hundley, Robert Tom, Jr. and Margaret Tom – recently worked for Ringling Brothers' "Red Unit" during 2004-2006.  They allege the same ESA claims as the current plaintiffs in the case.

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, "[u]pon a motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  Fed. R. Civ. P. 15(d).  Motions to supplement pleadings "are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights

9

of any of the other parties to the action.'"  *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting Wright, *et al.*, Federal Practice and Procedure § 1504, at 186-87).

Defendant opposes plaintiffs' motion on the grounds that plaintiffs "have sought to unravel [the Court's] Orders and further *expand* this lawsuit by requesting the addition of *three* new plaintiffs to this action."  Def.'s Opp'n to Pls.' Mot. for Leave to File Supp. Compl. at 1. Specifically, defendant argues that adding new plaintiffs would prejudice FEI's right to take complete and timely discovery as well as ultimately increase the expense and length of trial. *Id.* at 5-6.  Because the scope of this case now concerns only the six "pre-Act" elephants to which Mr. Rider has become emotionally attached, defendant contends that adding new plaintiffs will necessarily require any trial to include testimony about eight more elephants, as well as numerous additional employees who work with these elephants on FEI's "Red Unit."  *Id.*  Defendant further argues that plaintiffs have unduly delayed seeking leave to amend, contending that plaintiffs could have filed this motion over seven months ago and have offered no reason for the delay.  *Id.* at 10.  Finally, defendant insists that the addition of new plaintiffs is futile because they lack standing to sue.  *Id.* at 12.

The grant or denial of leave to amend is committed to the discretion of the district court. *Firestone v. Firestone*, 76 F.3d

1205, 1208 (D.C. Cir. 1996).  "The most important factor the Court must consider when deciding whether to grant a motion for leave to amend is the possibility of prejudice to the opposing party." *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006) (citing Wright, Miller & Kane, *Federal Practice and Procedure*, § 1487 (2d ed. 1990)).  In determining prejudice, this Circuit has frequently "given weight to whether amendment of a complaint would require additional discovery." *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996)(citing *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.* 810 F.2d 243, 247-48 (D.C. Cir. 1987)(affirming a district court's denial of leave to amend, over seven years after the filing of the initial complaint, where new discovery would be necessary)).

    The Court agrees that defendant would be unduly prejudiced by amending the complaint to add three plaintiffs at this late stage.  Defendant has already been granted partial summary judgment and the issues in this case have been narrowed.  Despite plaintiffs' protestations to the contrary, the Court agrees with defendant that adding three new plaintiffs would significantly expand the scope of this case and require substantial additional discovery.  The Court rejects plaintiffs' contention that additional parties would not further complicate and lengthen this already protracted litigation and cause undue burden and expense to the defendant.

The Court also finds that defendant suffers prejudice as a result of plaintiffs' delay in the filing of this motion.  After more than three and a half years and multiple discovery disputes that the parties have failed to resolve without Court intervention, discovery is finally set to close in less than four months.  Plaintiffs could have filed this motion more than seven months ago and have failed to provide a reason for waiting until this late date to do so.  When defendant attempted to amend its complaint and assert a counterclaim, plaintiffs vehemently objected, citing the impending close of discovery and plaintiffs' desire to set a trial date.  *See* Pl.'s Opp. to FEI's Mot. for Leave to Amend at 38.  The Court rejected defendant's proposed counterclaim because plaintiffs would be prejudiced by the late expansion of the lawsuit and defendant's delay in filing its claim.  The Court finds the same potential for prejudice here, and declines plaintiffs' invitation to expand this litigation now with the late addition of parties after so recently narrowing the scope of this case.

Because prejudice to the opposing party and undue delay are sufficient reasons for denying plaintiffs' motion to amend, the court declines to reach the issue of whether the new plaintiffs have standing to sue. Accordingly, plaintiffs' Motion for Leave to File a Supplemental Complaint is **denied.**

Finally, there have been multiple recent filings in this case that are inconsistent with both the Federal Rules of Civil Procedure and the Local Rules of this Court.  The Court will not tolerate further ad hominem attacks, deliberately mislabeled pleadings, or irrelevant argument on issues already long since decided.  Any future filings that do not conform to the rules of the Federal Courts will be stricken and the offending party and that party's counsel may be sanctioned.  A hint to the wise should be sufficient!

### III. CONCLUSION

For the foregoing reasons, the Court **denies** plaintiffs' Motion for Reconsideration or Alternatively Partial Reconsideration, **denies in part and grants in part** Defendant's Motion for Reconsideration or Alternatively Certification Pursuant to 28 U.S.C. § 1292(b), and **denies** Plaintiffs' Motion for Leave to File a Supplemental Complaint.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            October 25, 2007**