UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>RINGLING BROTHERS AND BARNUM & BAILEY CIRCUS *et al.*,<br><br>        Defendants. | Civil Action No. 03-2006 (EGS/JMF) |

**MEMORANDUM OPINION**

There is before me for resolution of defendant Feld Entertainment, Inc.'s ("FEI") <u>Motion to Compel the Production of Documents Subpoenaed from the Humane Society of the United States</u> ("Defs. Mot.").

There are seven demands within the subpoena that are in controversy among the parties. The first relates to documents that would disclose the nature of the relationship between the Humane Society ("HSUS") and the Fund for Animals ("FFA").

I.    <u>HSUS and FFA</u>

On November 22, 2004, the HSUS announced that a merger between itself and the FFA would occur on January 1, 2005. The press release announced that the two groups had joined forces and planned to operate their advocacy programs "under the banner of the HSUS." Defs. Mot. at Exhibit 2; The Humane Society of the United States, http:

//hsus.org/press_and_publications/press_releases/the_humane_society_of_the_united_states_and_the_fund_for_animals_join_forces.html.

The FFA is a plaintiff in this action but the HSUS is not. Therefore, defendant FEI served it with a subpoena *duces tecum* demanding the production of documents that (1) memorialize the "transaction and/or merger between" the HSUS and the FFA; (2) show the relationship between their advocacy programs, the ones in the press release referenced above; and (3) show the relationship between the two entities' litigation dockets and legal departments. Defs. Mot., Exhibit 1, ¶1 at 6.

The HSUS insists that it has voluntarily provided documents that clearly establish that FFA "still survives as a viable entity." <u>The Humane Society of the United States' Response to Feld Entertainment, Inc.'s Motion to Compel the Production of Documents Subpoenaed from the Humane Society from [sic] the United States</u> ("HSUS's Response") at 6. Since there has been no "merger" in fact between the two entities and FEI has received documents showing that this is so, the HSUS resists the subpoena.

FEI answers that it must have the documents it seeks so that the "Court can determine whether a de facto merger has occurred and whether HSUS should be added to this lawsuit." <u>Reply in Support of Defendant's Motion to Compel the Production of Documents Subpoenaed From the Humane Society of the United States</u> at 6-7.

While HSUS has represented there has been no merger, their own press release used that very word. I believe that it is therefore appropriate that it produce the documents that are the best and unequivocal evidence of what occurred between the FFA and the HSUS that led to the announcement of their merger in the press release. I will therefore compel the HSUS to answer Request for Production 1(a).

This request also demands documents that show the relationship between the two entities' advocacy programs (as that term is used in the press release), their litigation dockets, and their legal departments. I do not believe that this information is likely to reveal information that bears on whether the legal relationship between the two entities is such that they have or should be deemed to have merged. I therefore will not compel any additional information as to Requests for Production.

II.     Documents about the Litigation

FEI also seeks "all documents that refer, reflect or relate to the Litigation." Defs. Mot., Exhibit 1, ¶ 2 at 6. Documents within the possession of a party to this litigation that pertain to the litigation might be admissible at trial as admissions under Rule 801 of the Federal Rules of Evidence, but the HSUS is not a party to this litigation and its statements about it are hearsay and irrelevant. I will therefore only order the HSUS to produce documents in its possession, control or custody that were created by any other party to this litigation in which that party discusses this litigation or any aspect of it.

I will superimpose on this obligation a limitation imposed by Judge Sullivan in a previous order regarding a similar disclosure.[1] The HSUS is not obliged to produce communications protected by the attorney-client or work-product privileges. If it claims that any documents are so privileged, it must file a privilege log in compliance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

III.    Documents that Relate to Fund Raising Activities

FEI wants documents pertaining to a specific benefit (the "2005 Benefit For the Asian Elephants") and "any other fund-raising and/or benefits referring to or relating to the Litigation,

---

[1] American Society for the Prevention of Cruelty to Animals v. Feld Entertainment, Civ. Action No. 03-2006, Order of August 23, 2007 ("EGS Order") at 3.

the presentation of elephants in circuses, Tom Rider, Defendant and/or WAP."[2] Defs. Mot., Exhibit 1, ¶ 3 at 7.  Similarly, they seek all documents that reflect solicitations of donations for this litigation, "the presentation of elephants in circuses, Tom Rider, Defendant, and/or WAP, by Plaintiffs, MGC and/or WAP." Id., ¶ 8 at 10.

      Judge Sullivan has concluded that the only information that should be compelled pertaining to fund raising are documents that pertain to Tom Rider's "funding for his public education and litigation efforts," if the funding came from "a party, any attorney for any of the parties, or any officer or employee of the plaintiff organizations or WAP" or to donations that pertain to payments made to Rider by any such person.  Judge Sullivan further indicated that the names of the donors would be redacted if the donor is not "a party, any attorney for any of the parties, or any officer or employee of the plaintiff organizations or WAP." EGS Order at 4, 6, 8.  I will therefore order the HSUS to do the same exact thing, i.e., produce documents that pertain to Tom Rider's "funding for his public education and litigation efforts" provided the funding came from "a party, any attorney for any of the parties, or any officer or employee of the plaintiff organizations or WAP" or that pertain to payments made to Rider by any such person.  HUSU will also provide documents that pertain to donations relating to payments made to Rider by any such person.  The names of donors must be redacted if the donor is not "a party, any attorney for any of the parties, or any officer or employee of the plaintiff organizations or WAP."

      In all other respects, FEI's motion to compel will be denied.

IV.    <u>Documents that Relate to Media and Public Relations Campaigns</u>

      FEI seeks documents pertaining to media or public relations campaigns regarding the litigation, elephants in circuses, Tom Rider, FEI itself, and WAP.  Judge Sullivan has concluded,

---

[2] "WAP" refers to the Wildlife Advocacy Project.

however, that these topics are irrelevant. EGS Order at 3-5 (information pertaining to media and legislative strategies deemed irrelevant).

V.      Tom Rider

FEI seeks all documents that "refer, reflect or relate" to Tom Rider, including all communications with or to him, and documents that pertain to payments made to him. Like Judge Sullivan, I find that Rider is a central player in this litigation and I will compel what FEI seeks.

VI.     Former Employees

FEI seeks documents that pertain to any "other [other than Rider] current or former employee." Defs. Mot., Exhibit 1, ¶ 6. I know of no reason why this information would be relevant.

VII.    Wildlife Advocacy Project

FEI seeks documents that relate to this entity, said by FEI to be "an organization purporting to be a non-profit advocacy group that was founded by Katherine Meyer and Eric Glitzenstein of MGC [the law firm of Meyer Glitzenstein & Crystal]." Defs. Mot., Exhibit 1, ¶ 7 at 9 & "Definitions" ¶ 8 at 2.

In his order of August 23, 2007, Judge Sullivan ordered WAP to produce non-privileged documents related to "payments or donations for or to and expenses of Tom Rider in connection with this litigation or his public relations efforts in connection with this litigation or his public education efforts related to the Circus's treatment of elephants." EGS Order at 8. Judge Sullivan permitted WAP to redact "names and identifying information of individual donors or organizations who are not parties to this litigation, attorneys for any of the parties or employees of officers of any of the plaintiff organizations or WAP." Id. at 8. Finally, Judge Sullivan

permitted WAP to provide a sworn declaration "[t]o the extent that there are no such documents that have not already been produced." Id.

Consistent with that obligation, Glitzenstein, the President of WAP, submitted a declaration in which he described the documents he made available to the defendant[3] pursuant to the subpoenas that had been served upon WAP and attested that he located no additional documents responsive to Judge Sullivan's order. Notice of Filing, dated September 24, 2007; Declaration of Glitzenstein.

FEI's motion to compel was filed on September 21, 2007, three days before the Notice of Filing, and it would appear that WAP's production of documents and Glitzenstein's declaration now render this request moot. I suppose, however, that there is a theoretical possibility that HSUS may have a document that falls within Judge Sullivan's order but that WAP did not keep a copy. I will therefore order the HSUS to produce any documents pertaining to WAP that fall within Judge Sullivan's August 23, 2007, order that are in its possession, custody or control.

An Order accompanies this Memorandum Opinion.

Dated: December 3, 2007

        /S/                     
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

---

[3] It is unclear to me to which defendant Glitzenstein is referring.