UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) Case No.: 03-2006 (EGS) |
| v. | ) ) ) |
| FELD ENTERTAINMENT, INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO ESTABLISH FURTHER PROCEEDINGS
FOR ATTORNEYS' FEES AND COSTS AND FOR A STATUS HEARING
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to LCvR 54.2, this Court's October 20, 2010 Minute Order, and LCvR 54.1, Defendant Feld Entertainment, Inc. ("FEI") respectfully requests that the Court: (1) establish a briefing schedule regarding FEI's motion for attorneys' fees and (2) direct the Clerk to tax FEI's costs to plaintiffs. FEI also requests that the Court hold a status hearing in this matter to consider these issues. Defendant's Points and Authorities in support of this Motion are stated herein.

On October 28, 2011, the United States Court of Appeals for the District of Columbia Circuit unanimously affirmed this Court's December 30, 2009 Order and Judgment and Memorandum Opinion (Docket Entries ("DE") 558 & 559) in their entirety. *ASPCA v. Feld Entertainment, Inc.*, 659 F.3d 13 (D.C. Cir. 2011). The D.C. Circuit also unanimously denied plaintiffs' petition for panel rehearing on January 11, 2012. Nos. 10-7007 & 10-7021 (D.C. Cir. 01/11/12) (*per curiam*). Mandate issued from the Court of Appeals on January 25, 2012. DE 580. By order of the same date, the Court of Appeals taxed FEI's appellate costs against plaintiffs. (Ex. 1 hereto).

Pursuant to LCvR 54.2(b), this Court held the "attorneys' fees and taxable cost issues . . . in abeyance pending the outcome of the cross appeals." Minute Order (10/20/10). Now that the appeals have been concluded, FEI requests that the Court hold a status hearing and establish a schedule for the case to proceed to final resolution of FEI's claims for attorneys' fees and costs.

**1. Attorneys' fees.** FEI requests that the Court issue a briefing schedule regarding FEI's claim for attorneys' fees. In accordance with the Court's Minute Order of January 12, 2010, the parties have already complied with the meet and confer requirements of LCvR 54.2(a). The upshot of that meet and confer was that plaintiffs "contest [FEI]'s entitlement to recovery of any attorneys fees whatsoever." *See* Plaintiffs' Recommendations for Further Proceedings at 2 (10/08/10), DE 575. If the Court is inclined in any way to entertain plaintiffs' position that they are exempt from attorneys fee liability because of who they are, then FEI requests that the Court bifurcate the process to first rule on FEI's entitlement to recovery, and second, the amount of the recovery. The parties should not incur the time and expense of briefing, filing exhibits, and procuring expert witnesses regarding the amount if the Court determines that FEI is not entitled to recovery of its fees in the first instance. The parties previously agreed that good cause exists to bifurcate the briefing in this fashion. *Id.*

On the entitlement issue, FEI suggests the following briefing schedule:

- Within sixty (60) days from the Court's decision on this motion or the Court's convening of a status hearing: FEI files its opening motion;

- Sixty (60) days after FEI's opening motion is due: plaintiffs file their responsive brief; and

- Thirty (30) days after plaintiffs' responsive brief is due: FEI files its reply.

The parties can propose an additional briefing schedule on the amount issue within ten (10) days of the Court's decision resolving the entitlement issue.

In the alternative, if only the amount of an award of fees to FEI is an issue rather than FEI's right to even claim fees in this case, then FEI requests that the parties proceed directly to briefing of the amount to be recovered.

**2. Costs.**  FEI submitted its Bill of Costs for $236,068.92 on February 19, 2010.  DE 567.  Plaintiffs filed their opposition to FEI's Bill of Costs on March 3, 2010, which did not contest $147,807.58 of the amount claimed by FEI.  DE 570.  The January 25, 2012 mandate of the Court of Appeals was accompanied by an order granting FEI $152.40 in appellate costs.  (Ex. 1 hereto).  Costs therefore are ripe for taxation by the Clerk.  *See* LCvR 54.1 (c) ("[t]he Clerk shall tax costs after the judgment has become final" which is, *inter alia*, "when the court of appeals issues its mandate").  Therefore, the Court should direct the Clerk of the Court to tax costs against the plaintiffs.

Pursuant to LCvR 7(m), counsel for FEI discussed the instant motion with counsel for plaintiffs by telephone and electronic mail on January 27 and 30, 2012.  Counsel for FEI was advised that plaintiffs agree to the briefing schedule as set out above.  Plaintiffs had no unanimity of position as to whether the Court should hold a status conference.  FEI believes that a status conference should be held for the reasons stated herein.

For the foregoing reasons, FEI requests that its motion be granted, that the Court convene a status hearing to enter a briefing schedule for FEI's fees claim, and direct the Clerk to proceed to tax FEI's requested costs.

Dated: January 30, 2012                    Respectfully submitted,

/s/
_____
John M. Simpson (D.C. Bar # 256412)
jsimpson@fulbright.com
Michelle C. Pardo (D.C. Bar # 456004)
mpardo@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Telephone: (202) 662-0200
Facsimile: (202) 662-4643

Counsel for Defendant