# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, *et al.*, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| FELD ENTERTAINMENT, INC, | ) ) |
| Defendant. | ) ) |

Civ. No. 03-2006 (EGS)

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO ESTABLISH FURTHER PROCEEDINGS FOR ATTORNEYS' FEES AND COSTS AND FOR A STATUS HEARING

Plaintiffs agree with the briefing schedule proposed by defendant Feld Entertainment, Inc. ("FEI"), whereby the threshold issue of FEI's entitlement to an award of attorneys' fees and costs would be addressed before any possible determination of the amount of fees and costs reasonably incurred.  This approach would be consistent with the parties' earlier joint proposed approach to this matter.  *See* Docket Entry (D.E. 575) (explaining that "if the Court finds that briefing should proceed [prior to resolution of the appeal], the parties agree that good cause exists to bifurcate the briefing, which should be handled in two phases: (1) Defendant's legal entitlement to recovery; and (2) the amount of recovery.").  Such bifurcation would also serve the Court's own interest in judicial economy and efficiency.

If the Court were to find that the stringent standard for an award of fees to defendants in a case arising under the Endangered Species Act ("ESA") has not been satisfied, *see, e.g.*, *Marbled Murrelet v. Babbitt*, 182 F.3d 1091 (9th Cir. 1999) (applying the standard adopted in

*Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), to a private defendant's request for attorneys' fees in an ESA case), then the Court would not need to expend time and resources delving into the billing records underlying FEI's claim for more than $20 million in purported attorneys' fees.  *See* D.E. 575.  Moreover, under recent Supreme Court precedent, even if the Court were to find that a fee award may be appropriate as to one aspect of the case, that would not necessarily justify a fee award as to other aspects.  *See Fox v. Vice*, 131 S. Ct. 2205 (2011).  Such a finding could, of course, significantly reduce the number of billing records that would otherwise have to be addressed by the parties and reviewed by the Court.[1]

With respect to the only other issue before the Court – the taxation of costs – Plaintiffs do not object to the Court instructing the Clerk to tax costs, subject to the specific objections previously filed by Plaintiffs, *see* D.E. 570, as well as Plaintiff's right to request the Court's discretionary review of the Clerk's ultimate determination of this matter.  *See id*. at n. 1 (explaining that the Court may exercise discretion in deciding whether an award of costs as to some or all items is appropriate).

Plaintiffs defer to the Court on the need for a status hearing under the present circumstances.

---

[1]   Contrary to FEI's assertion, Plaintiffs have never suggested that they are "exempt from attorneys' fees liability because of who they are."  FEI Mot. at 2.  Although, under pertinent precedent, Plaintiffs' status as non-profit organizations devoted to animal protection is certainly a relevant factor in the Court's entitlement determination, under the standard established in *Christianburg* and its progeny, that is but one of the factors the Court may take into consideration in evaluating whether, and the extent to which, FEI is entitled to an award of fees in this case. Briefing by the parties will elucidate these various factors and the extent to which they should inform the Court's considered judgment here.

Date:   January 31, 2012                    Respectfully submitted,


/s/ Daniel S. Ruzumna_____
Daniel S. Ruzumna (D.C. Bar No. 450040)
Peter W. Tomlinson (*pro hac admission pending*)
Harry S. Clarke, III (*pro hac admission pending*)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000
*Counsel for Plaintiff American Society for the*
*Prevention of Cruelty to Animals*


and


/s/ David H. Dickieson (with permission)_____
David H. Dickieson (D.C. Bar No. 321778)
Schertler & Onorato, LLP
575 7th Street, NW
Suite 300 South
Washington, DC 20004
Telephone:     (202) 628-4199
Facsimile:     (202) 628-4177
*Counsel for Plaintiff Born Free USA*


and


/s/ Bernard J. DiMuro (with permission)_____
Bernard J. DiMuro (D.C. Bar No. 393020)
Stephen L. Neal (D.C. Bar No. 441405)
Hillary J. Collyer (D.C. Bar No. 502923)
DiMuroGinsberg, PC
1101 King Street, Suite 610
Alexandria, Virginia 22314
Telephone:     (703) 684-4333
Facsimile:     (703) 548-3181
*Counsel for Plaintiff Animal Welfare Institute*


and


3

/s/ Roger E. Zuckerman (with permission)
Roger E. Zuckerman (D.C. Bar No. 134346)
Logan D. Smith (D.C. Bar No. 474314)
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone:     (202) 778-1800
Facsimile:     (202) 822-8106
*Counsel for Plaintiff The Fund for Animals, Inc.*

and

/s/Katherine A. Meyer (with permission)
Katherine A. Meyer (D.C. Bar No. 244301)
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, N.W., Suite 700
Washington, DC 20009
(202) 588-5206
*Counsel for Plaintiffs*

4