**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANIMAL WELFARE INSTITUTE, <u>et al.</u>, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **Case No: 03-2006 (EGS/JMF)** |
| | ) |
| FELD ENTERTAINMENT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION FOR LEAVE TO FILE UNDER SEAL**
**<u>CONFIDENTIAL RATE DATA AND SUPPORTING POINTS AND AUTHORITIES</u>**

Defendant Feld Entertainment, Inc. ("FEI") hereby moves the Court for leave to file under seal confidential survey data concerning the hourly rates of Washington, D.C. law firms relied upon in its Petition for Attorneys' and Expert Witness Fees. The points and authorities in support of FEI's Motion are as follows:

1.      Judge Sullivan held that FEI is entitled the attorneys' and expert witness fees it incurred when defending itself in this case, and that 28 U.S.C. § 1927 sanctions are warranted against plaintiffs' former counsel, Katherine A. Meyer and her law firm, Meyer, Glitzenstein & Crystal.  ECF 620.  FEI's Petition for Attorneys' and Expert Witness Fees was filed today, October 21, 2013, pursuant to the Court's July 17, 2013 Order (ECF 631).  *See also* Minute Order (10/15/13).

2.      To demonstrate the reasonableness of its counsel's hourly rates, FEI's fee petition relies on confidential survey data.  FEI's counsel, Fulbright & Jaworski LLP ("Fulbright"), sets standard hourly rates for time keepers based on, *inter alia*, rate surveys.  From 2000-2013, one data source available to Fulbright in setting rates for its Washington office was a survey prepared

by Peer Monitor.   Peer Monitor, a division of West Publishing Corporation ("West"), is a financial and operational benchmarking product that collects financial information from various law firms and provides access to that information only to participating firms.   Fulbright is a Peer Monitor participating firm.   *See* FEI's Petition for Attorneys' and Expert Witness Fees, Simpson Decl. ¶¶ 210-214.

3.      A condition of the Peer Monitor licensing agreement that exists between Fulbright and West is that Fulbright not provide access to Peer Monitor data to any third party.   *See* Ex. 1 hereto (Peer Monitor / Fulbright Waiver Agreement) ("[P]ursuant to Section 5(b) of the Peer Monitor Licensing Agreement, F&J has agreed not to provide access to the data derived from Peer Monitor to any third party[.]").   West will, however, consent to the use of Peer Monitor data in connection with applications for attorneys' fees filed with a court or other tribunal, provided that the Peer Monitor data is submitted to the court or other tribunal under seal.   West has provided such consent in the present case.   *See id.* ("… West hereby consents to F&J's release of the Peer Monitor Data … to the District of Columbia District Court in connection with the Permitted Use, provided that F&J shall first secure an order permitting the Data to be submitted under seal and allowing access to the Data solely for the Permitted Use.").

4.      Accordingly, pursuant to LCvR 5.1(h), FEI requests leave to file the following documents under seal:

- FEI's Petition for Attorneys' and Expert Witness Fees, Simpson Declaration Exhibit 8, Branden Declaration and Peer Monitor Survey (attached as Exhibit 2 hereto);

- FEI's Petition for Attorneys' and Expert Witness Fees, Simpson Declaration Exhibit 9, Graphs Comparing ESA Case Timekeeper Standard Hourly, ESA Case Matter and ESA Case Billed Rates to Rates in Peer Monitor Survey (attached as Exhibit 3 hereto);

- FEI's Petition for Attorneys' and Expert Witness Fees, Gulland Declaration, Exhibit 16, Branden Declaration and Peer Monitor Data (attached as Exhibit 4 hereto).

- FEI's Petition for Attorneys' and Expert Witness Fees (with **unredacted page 28** referencing confidential Peer Monitor survey material) (attached as Exhibit 5 hereto).

- FEI's Petition for Attorneys' and Expert Witness Fees, Simpson Declaration (with **unredacted pages 95 and 98** referencing confidential Peer Monitor survey material) (attached as Exhibit 6 hereto).[1]

5.  The Peer Monitor survey data is essential to FEI's fee petition.  The Supreme Court requires a fee applicant to "produce satisfactory evidence—in addition to the attorney's own affidavits" that its counsel's rates are aligned with the prevailing rates in the community for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).  One mechanism to do this is through survey data. *See, e.g.*, *McKesson v. Iran,* 2013 U.S. Dist. LEXIS 43266, at *16-17 (D.D.C. Mar. 27, 2013) (Leon, J.) (relying on, *inter alia*, survey data prepared by PricewaterhouseCoopers LLP); *Wilcox v. Sisson*, 2006 U.S. Dist. LEXIS 33404, at *12 (D.D.C. May 25, 2006) (Collyer, J.) (relying on, *inter alia*, Helder Associates' Law Firm Billing Rate Survey).

6.  While there is a "heavy presumption" in favor of public access to court records, that right "is not absolute and may yield (*inter alia*) to a party or third person's legitimate effort to protect its trade secrets."  *Fudali v. Pivotal Corp.,* 623 F. Supp. 2d 25, 27-28 (D.D.C. 2009) (Facciola, J.).  Courts may seal filings where the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980), weigh in favor of nondisclosure: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of

---

[1]  FEI does not seek to file the billing rates of its counsel under seal.  It only seeks to file the Peer Monitor survey data under seal because it is obligated to do so pursuant to Fulbright's contract with Peer Monitor.

prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

7.      Confidential attorney billing rate data has been sealed by courts in this district. *See, e.g.*, Ex. 7, *McKesson Corp. v. Iran,* No. 1:82-cv-0220-RJL, ECF 977 (08/22/12), granted by Minute Order (08/27/12) (granting ***consent*** motion to file confidential data from PriceWaterhouseCoopers LLP Billing Rate and Salary Surveys ("BRASS") under seal).  *See also Mine O'Mine, Inc. v. Calmese,* 2012 U.S. Dist. LEXIS 53077, at *9-10 (D. Nev. April 16, 2012) (granting motion to seal exhibits containing "negotiated billing rates," which were "competitively sensitive and not publicly known"); *Monolithic Power Systems, Inc. v. 02 Micro Int'l Ltd.*, 2012 U.S. Dist. LEXIS, 5109 at *8-9 (N.D. Cal. Jan. 17, 2012) (noting that counsel's rates and billing rate surveys conducted by the National Law Journal and PricewaterhouseCoopers LLP were filed under seal).

8.      In *McKesson*, the fee applicant relied on the BRASS billing rate survey data to demonstrate that its counsel's rates were reasonable.   The BRASS survey was treated as confidential by participating law firms. Ex. 7, *McKesson,* ECF 977 ("PwC requests that each recipient firm keep its copy of the results confidential within the firm.").   It was noted that "individual firms would not participate in the survey process if [] confidentiality were breached or ignored.   And if firms do not participate, the survey data would become less and less meaningful as the reporting group shrinks." *Id*.   Judge Leon entered the consent motion to seal the survey data.  No. 1:82-cv-0220-RJL, Minute Order (08/27/12).

9.      Similarly, in other contexts, courts in this district have granted motions to seal competitively sensitive information that could harm the movant's business interests.  *See, e.g., Fudali,* 623 F. Supp. 2d at 28 (sealing "pricing information" that "might hurt" the defendant's

and a third party's "competitive positions in the marketplace"); *Commodity Futures Trading Comm'n v. Whitney,* 441 F. Supp. 2d 61, 72-73 (D.D.C. 2006) (Lamberth, J.) (sealing affidavits and reply brief containing non-party's "internal procedures that potentially could be used against them by a competitor").

10.     The rationale for sealing the BRASS survey data in *McKesson* applies with equal force to the Peer Monitor survey data used in support of FEI's fee petition.  Like *McKesson*, in this case FEI seeks to seal billing rate survey data that has been treated as confidential by the survey's participants.   Indeed, here, FEI's counsel is obligated to keep the survey data confidential, and file it under seal, pursuant to the plain terms of its contract.  *See* Ex. 1.

11.     Accordingly, the *Hubbard* factors weigh in favor of sealing.  There is no need for public access to the Peer Monitor survey data FEI seeks to file under seal; the public has not had access to it; the strength of the property and privacy interests is evidenced by the plain terms of Fulbright's contract with Peer Monitor, which mandates that it be kept confidential; and, the survey is being introduced to demonstrate a crucial aspect of FEI's fee petition.  *Cf. Hubbard*, 650 F.2d at 317-22.  Plaintiffs have refused to consent to FEI's motion, but there will be no prejudice to them if sensitive, confidential material, to which they and the public have never previously had access, remains that way.  FEI is not seeking to restrict plaintiffs' ability to use the confidential survey material to oppose FEI's petition; FEI only is requesting that the material, and any filings referencing it, be filed under seal.

12.     Indeed, it is curious that plaintiffs oppose the relief requested herein, because in the related racketeering case, most of them consented to "sensitive commercial information" – which is exactly what the Peer Monitor survey is – being treated as confidential and filed under seal.  No. 07-1532, ECF 168 (9/3/13), at 9-10 (MGC, AWI, FFA and HSUS consented to, *inter*

*alia*, the entry of a protective order governing the use of "sensitive commercial information"). *Cf.* Ex. 8, *Monolithic Power Systems, Inc. v. 02 Micro Int'l Ltd.*, No. 4:08-cv-04567 (N.D. Cal.), ECF 481 (the parties agreed that the billing rate and survey data was "confidential, sensitive, non-public business information").

13.     Accordingly, FEI seeks leave to file the Peer Monitor survey data under seal.  FEI requests that the Court order that the Peer Monitor survey data only be used by the parties for purposes of opposing FEI's fee petition and be kept confidential pending the outcome of that petition.  Further, FEI requests that any filings in the case that make specific reference to the data be handled in accordance with LCvR 5.1(h) concerning filings under seal.

14.     Pursuant to LCvR 7(m), counsel for FEI conferred with counsel for plaintiffs and counsel Ms. Meyer and MGC concerning the relief sought herein.  None of these parties would consent.  Counsel for FEI engaged in multiple meet and confers with opposing counsel, and it was FEI's understanding that this would be a simple consent motion.  However, on Wednesday, October 9, 2013, plaintiffs' counsel unexpectedly informed FEI that they "cannot agree" to FEI's proposed sealing order.  *See* Ex. 9 (email correspondence concerning instant motion).  Plaintiffs seem intent on making the recovery of FEI's attorneys' fees as expensive as possible.  Indeed, even the **Republic of Iran** consented to seal the billing rate survey data at issue in *McKesson*. This motion is yet another illustration of plaintiffs' "frivolous and vexatious" litigation tactics. *Cf.* ECF 620 at 27 (the ESA Case was "from the beginning, frivolous and vexatious").  The magnitude of the fee request that FEI makes today is due in significant part to motions such as this one, which should have been handled by consent.

Dated:  October 21, 2013            Respectfully submitted,

/s/ John M. Simpson
John M. Simpson (D.C. Bar #256412)
jsimpson@fulbright.com
Michelle C. Pardo (D.C. Bar #456004)
mpardo@fulbright.com
Kara L. Petteway (D.C. Bar #975541)
kpetteway@fulbright.com
Rebecca E. Bazan (D.C. Bar #994246)
rbazan@fulbright.com

FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Telephone: (202) 662-0200
*Counsel for Defendant Feld Entertainment, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I, John M. Simpson, do hereby certify that on October 21, 2013, the foregoing **Motion to File Under Seal Confidential Rate Data and Supporting Points and Authorities**, including the exhibits thereto, will be served on the following in the manners stated below:

***MOTION AND EXHIBITS FILED PUBLICLY IN UNSEALED FORM VIA ECF:***

All ECF-registered persons for this case, including plaintiffs' counsel

***SEALED EXHIBITS FILED WITH THE CLERK OF COURT:***

Clerk's Office
United States District Court for the District of Columbia
E. Barrett Prettyman Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

***COURTESY COPY OF SEALED EXHIBITS HAND DELIVERED TO CHAMBERS OF HON. JOHN M. FACCIOLA:***

Chambers of the Honorable John M. Facciola
United States District Court for the District of Columbia
E. Barrett Prettyman Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

_____/s/ John M. Simpson_____

John M. Simpson

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANIMAL WELFARE INSTITUTE, <u>et al.</u>, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **Case No: 03-2006 (EGS/JMF)** |
| | ) |
| FELD ENTERTAINMENT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION FOR LEAVE TO FILE UNDER SEAL**
<u>**CONFIDENTIAL RATE DATA AND SUPPORTING POINTS AND AUTHORITIES**</u>

# EXHIBIT INDEX

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | Peer Monitor / Fulbright Waiver Agreement. |
| 2 | FEI's Petition for Attorneys' and Expert Witness Fees, Simpson Declaration Exhibit 8, Branden Declaration and Peer Monitor Survey **(FILED UNDER SEAL).** |
| 3 | FEI's Petition for Attorneys' and Expert Witness Fees, Simpson Declaration Exhibit 9, Graphs Comparing ESA Case Timekeeper Standard Hourly, ESA Case Matter and ESA Case Billed Rates to Rates in Peer Monitor Survey **(FILED UNDER SEAL).** |
| 4 | FEI's Petition for Attorneys' and Expert Witness Fees, Gulland Declaration, Exhibit 16, Branden Declaration and Peer Monitor Data **(FILED UNDER SEAL).** |
| 5 | FEI's Petition for Attorneys' and Expert Witness Fees **(FILED UNDER SEAL).** |
| 6 | FEI's Petition for Attorneys' and Expert Witness Fees, Simpson Declaration **(FILED UNDER SEAL).** |
| 7 | *McKesson Corp. v. Iran,* No. 1:82-cv-0220-RJL, ECF 977 (08/22/12). |

| 8 | *Monolithic Power Systems, Inc. v. 02 Micro Int'l Ltd.,* No. 4:08-cv-04567 (N.D. Cal.), ECF 481 (7/19/11). |
| 9 | Email correspondence concerning instant motion. |